UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CLIFTON AYCHE (#314753)

VERSUS                                                  CIVIL ACTION

SCOTT BROOMFIELD, ET AL                                 NUMBER 13-67-JJB-SCR


<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 29, 2013.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CLIFTON AYCHE (#314753)

VERSUS                                           CIVIL ACTION

SCOTT BROOMFIELD, ET AL                          NUMBER 13-67-JJB-SCR


**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate currently confined at Allen Correctional Center, Kinder, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Dixon Correctional Center Warden Steve Rader, Lt. Col. Scott Broomfield and Curtis Thurman. Plaintiff alleged that while confined at Dixon Correctional Institute, he was denied due process during a disciplinary board hearing in violation of his constitutional rights.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

**I. Background**

Plaintiff alleged that on February 26, 2010, he was hospitalized and was prescribed narcotic-containing medication for two weeks. Plaintiff alleged that on March 14, 2010, Lt. Jonathan Cutrer conducted a random drug test. Plaintiff alleged that the test results were positive and he was issued a disciplinary report

for contraband.

Plaintiff alleged that he appeared before a disciplinary board on March 15, entered a not guilty plea, and requested an investigation into the impact the prescribed medication had on the test results. Plaintiff alleged that the disciplinary board granted his motion for an investigation and postponed the hearing to have the test results verified by a certified laboratory.

Plaintiff alleged that on March 22 Dr. Tarver and pharmacist K. Chapman submitted a signed statement (presumably to the disciplinary board) that the plaintiff's prescribed medications could not have caused a false positive on the urine drug test conducted on March 15. Plaintiff alleged that on March 31 the disciplinary board found him guilty of the disciplinary infraction and sentenced him to maximum security and six months drug testing at his expense.

Plaintiff alleged that he appealed the disciplinary board decision. Plaintiff alleged that while his disciplinary board appeal was pending, he filed an Administrative Remedy Procedure ("ARP") complaining that his due process rights were violated when prison officials failed to follow proper procedure. Plaintiff alleged that the ARP was rejected.

Plaintiff alleged that Lt. Roosevelt Lenoir conducted drug tests on May 2 and June 27, 2010, while the plaintiff was still taking medication. Plaintiff alleged that officer Cheryl Taylor

2

stated that both tests were positive while Lt. Lenoir said the tests were negative.

Plaintiff alleged that on May 5, 2010, he filed another ARP, which was denied.  Plaintiff alleged that in his response to the ARP, Warden Kenneth E. Booty stated that Lt. Lenoir verified that the top cup urine sample was positive while the top stick result was negative.  Plaintiff alleged that on October 30, 2010, he proceeded to the Second Step of the ARP but Warden Rader failed to grant him relief.  Plaintiff alleged that he appealed to the Secretary, who also denied relief.

Plaintiff alleged that he sought judicial review of the final ARP decision in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.  Plaintiff alleged that prison officials subsequently dismissed the disciplinary report, paid court costs and credited his account for the costs of the drug tests and incentive wages.  Plaintiff alleged that he was not awarded compensatory and punitive damages.

## II. Applicable Law and Analysis

### A. Frivolous Standard

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:
(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief

3

> can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Prescription**

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties. *Ketzel v. Barnett*, 263 F.3d 163 (5th Cir. 2001); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state.

*Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Plaintiff signed his complaint on October 7, 2012 and it was filed on October 11, 2012.  Therefore, any claims the plaintiff had against these defendants regarding acts which occurred prior to October 11, 2011 have prescribed.

Nor does the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affect this court's decision.  In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed ARP proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

Plaintiff alleged in his complaint that he exhausted available administrative remedies in Administrative Remedy Procedure ("ARP") DCI-2010-282.[1]  Plaintiff also attached copies of the Commissioner's Report, the Partial Judgment of Dismissal and the Judgment regarding his petition of judicial review of the decision

---

[1] Record document number 1, p. 2.

in Disciplinary Board Appeal ("DBA") DCI-2010-104.[2]

On March 1, 2013, the Louisiana Department of Corrections was ordered to file a certified copy of the entire record of the administrative proceeding and the disciplinary appeal record, ARP DCI-2010-382 and DBA DCI-2010-104.[3] On March 26, 2013, the ARP and DBA records were filed.[4]

A review of the ARP records showed that the plaintiff filed an administrative grievance which was received in the Warden's office on June 3, 2010.[5] Plaintiff stated that on May 2, 2010, he was drug tested and tested positive. Plaintiff complained that he was taking prescribed medication which resulted in a false positive on the drug test. The administrative grievance was assigned as ARP DCI-2010-382.[6] On November 29, 2010, the administrative grievance was denied at the Second Step of the two step procedure.[7]

A review of the DBA showed that on April 13, 2010, the plaintiff filed an appeal of the disciplinary board decision

---

[2] Record document number 1-1, pp. 1-5.

[3] Record document number 8.

[4] Record document number 9. Plaintiff relied upon the results of the ARP and DBA records, but did not include a complete copy of the proceedings.

[5] Record document number 9-2, pp. 6-7.

[6] *Id.*

[7] *Id.* at 1.

regarding the disciplinary report issued March 15, 2010.[8]  The DBA was received by the Warden on April 15, 2010 and was assigned as DBA-2010-104.[9]  On June 22, 2010, the Secretary denied DBA-2010-104.[10]  Plaintiff sought judicial review in the Nineteenth Judicial District Court.  On September 15, 2011, a Partial Judgment of Dismissal was entered dismissing the plaintiff's claim for damages without prejudice.[11]

The one-year prescriptive period was suspended between June 3, 2010, the date his administrative grievance was received in the Warden's office, and November 29, 2010, the date ARP DCI-2010-382 was denied at the Second Step.  In addition, the prescriptive period was suspended between April 13, 2010, the date the plaintiff signed his disciplinary board appeal, and September 15, 2011, the date the Partial Judgment of Dismissal was entered by the state district court.  Neither ARP DCI-2010-382 nor DBA DCI-2010-104 had any effect upon the limitations period applicable to the

---

[8] Record document number 9-1, pp. 4-6.

[9] *Id*.

[10] *Id*. at 1.

[11] Record document number 1-2, p. 1. The Partial Judgment of Dismissal dismissed the plaintiff's damages claim, which is the claim he subsequently brought in this court. The later state court Judgment, issued October 17, 2012, granted the plaintiff relief in the form of reversal of the disciplinary board's decision, expungement of the disciplinary report and reimbursement for any restitution previously obtained pursuant to the disciplinary board's decision, none of which is sought by the plaintiff in this case.

plaintiff's damages claim brought in this court.

### C. 42 U.S.C. § 1997e(e)

Even assuming that the plaintiff's claims are not prescribed, the claims should be dismissed as frivolous.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions.  The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries.  Although § 1997e(e) prohibits the plaintiff from recovering compensatory damages, it does not bar his ability to recover nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).  Of course, the plaintiff must prove a deprivation of a constitutional right to obtain relief in any form of damages.

### D. False Disciplinary Report

Plaintiff alleged that he was issued a false disciplinary report.

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate

hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984). The disciplinary procedures in effect at the prison were previously approved by this court in *Ralph v. Dees*, CA 71-94 (M.D.La.), and *Williams v. Edwards*, CA 71-98 (M.D. La.), *affirmed*, 547 F.2d 1206 (5th Cir. 1977). These procedures meet the standards set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974), and *Stewart v. Thigpen*, 730 F.2d 1002 (5th Cir. 1984).

### E. Due Process

Plaintiff alleged that he was denied due process during the disciplinary board appeal process.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[12] or which exceed the sentence in an unexpected manner,[13] may give rise to protection by the Due Process

---

[12] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[13] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (continued...)

9

Clause, more routine disciplinary action will not invoke this constitutional protection.  Thus, the plaintiff's sentence of a custody change from medium to maximum security, failure to earn incentive wages for a 12-month period and restitution, which was subsequently vacated, did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

**E. Respondeat Superior**

Plaintiff named Secretary LeBlanc and Warden Rader as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegation that Secretary LeBlanc and Warden Rader are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. §

---

(...continued)
(involuntary administration of psychotropic drugs).

1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, April 29, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE